IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELISSA LOUISE THOMPSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI,[1] )<br>Acting Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-20-417-RAW-SPS |

## REPORT AND RECOMMENDATION

The claimant Melissa Louise Thompson requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision should be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Kijakazi is substituted for Andrew M. Saul as the Defendant in this action.

[s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). *See also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was forty-eight years old at the time of the administrative hearing (Tr. 38). She completed high school while attending special education classes, and has worked as a driver and mental health aide (Tr. 19, 264). The claimant alleges that she has been unable to work since February 25, 2019, due to back issues, a liver mass, depression, left arm issues, high blood pressure, fatty liver, acid reflux, and degenerative disc disease (Tr. 263).

## Procedural History

On March 7, 2019, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-8. Her applications were denied. ALJ Lantz McClain held an administrative hearing and determined the claimant was not disabled in a written opinion dated May 5, 2020 (Tr. 10-21). The Appeals Council denied review, so the ALJ's opinion represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found at step four that the claimant had the RFC to perform sedentary work as defined in 20 C.F.R.

§§ 404.1567(a) and 416.967(a), *i. e.*, she could lift/carry/push/pull ten pounds occasionally and up to ten pounds frequently, sit for six hours in an eight-hour workday, and stand/walk at least two hours in an eight-hour workday, and only occasionally stoop. Additionally, he found the claimant should avoid concentrated exposure to dust or fumes, and that she should avoid work above shoulder level on the left. Finally, he found she could perform simple, repetitive tasks and only occasionally interact with supervisors, coworkers, or the public (Tr. 15). The ALJ then concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform, *e. g.*, filler, clerical sorter, and sorter (Tr. 20).

### Review

The claimant contends that the ALJ erred by: (i) failing to properly evaluate the state reviewing physician opinions with regard to a sit/stand option and (ii) failing to account for further reaching limitations in her RFC. The undersigned Magistrate Judge finds these contentions unpersuasive for the following reasons, and the decision should be reversed.

The ALJ determined that the claimant had the severe impairments of status post lumbar spine and left elbow surgeries with residual pain, status post surgery for congenital heart defect as a child, obesity, depression, and anxiety (Tr. 13). The relevant medical evidence for this appeal reflects that in 2016 the claimant underwent a right L5-S1 foraminotomy and lumbar hardware removal following a previous posterior lumbar interbody fusion (Tr. 328). She did continue to report low back pain, and in August 2018 treatment notes reflect she had been offered physical therapy but rejected it due to finances

and preferring to do it at home, but that at that time she had no restrictions and no significant signs of instability, no signs of bowel or bladder issues, and no signs of leg radicular symptoms (Tr. 389). The claimant also underwent surgery on her left elbow, but an x-ray in 2017 demonstrated healed comminuted fracture in anatomic alignment, and no evidence of acute process (Tr. 336). In March 2018, the claimant's left elbow lacked the last ten degrees of extension and was painful, so she was given an injection and instructed to follow up in eight weeks (Tr. 382).

After the February 2019 alleged onset date, the claimant received treatment for a toe injury and was noted to have continued back pain as an active impairment (Tr. 442-444). In August 2019, the claimant's treating physician Dr. Ward completed a Medical Source Statement ("MSS") as to her physical ability to perform work, indicating, *inter alia*, that she could sit less than two hours total in a day at only thirty minutes at a time and stand/walk less than two hours in an eight-hour workday, that she could lift/carry less than ten pounds either frequently or occasionally, and that she required positional changes to help relieve symptoms (Tr. 454-455). Inexplicably, he indicated that she could reach frequently with the left hand, but rarely with the right hand (Tr. 455). He noted her history of a heart defect, back surgeries, and elbow surgeries in support of his opinion, and further indicated that she could not perform work on a sustained basis (Tr. 455-456). A March 10, 2020 MRI of the lumbar spine revealed the anterior and posterior fusion L4-5 and L5-S1, as well as degenerative disc disease of the lumbar spine without significant spinal or neuroforaminal stenosis (Tr. 513).

State reviewing physicians determined that the claimant could perform light work, *i. e.*, she could lift/carry twenty pounds occasionally and ten pounds frequently, and that she could sit up to six hours in an eight-hour workday and stand/walk a total of four hours, but that she could only occasionally stoop and she must periodically alternate sitting and standing to relieve pain and discomfort (Tr. 63-64, 97-98).

In his written opinion at step four, the ALJ summarized the claimant's hearing testimony, as well as the medical evidence in the record, focusing on the records from the relevant time period. Specifically, he noted the 2020 MRI of the lumbar spine, as well as the 2017 x-ray of the claimant's left elbow, and that most physical examinations were consistently within normal limits (Tr. 16). As to the opinion evidence, he found the state reviewing physician opinions to not be persuasive, noting that a twenty-pound lifting limitation was inconsistent with the treating record and her surgical history, ultimately limiting her to ten pounds or less. Additionally, he noted that they had not examined the claimant in person and did not review the entire record (Tr. 18). He further found Dr. Ward's MSS not persuasive, noting that he did not cite objective findings or imaging, and that his opinions were not consistent with his treatment notes reflecting largely normal findings (Tr. 18). The ALJ agreed that the claimant would be limited to less than sedentary work but found the record did not support all the limitations found by Dr. Ward (Tr. 19). He thus concluded that the claimant was not disabled.

First, the claimant contends that the ALJ erred in her RFC assessment as to the sit/stand limitation that the state reviewing physicians recommended. The Court finds that the ALJ did not, however, commit any error in his analysis. For claims filed on or after

March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. § 416.920c. Under these rules, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the persuasiveness of all medical opinions and prior administrative medical findings by considering a list of factors. *See* 20 C.F.R. §§404.1520c(b), 416.920c(b). The factors are: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how the other factors were considered. *Id.* However, when the ALJ finds that two or more medical opinions or prior administrative findings on the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

      The claimant's specific complaint is that the ALJ failed to account for the state reviewing physicians' finding that the claimant must alternate sitting and standing to

7

relieve pain and discomfort despite finding their opinions not persuasive because he did not recite that specific finding when he found their opinions not persuasive. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (An ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."). Even though the ALJ rejected their entire opinions, the claimant asserts that the ALJ erred in failing to specifically reject an additional portion of these opinions. The undersigned Magistrate notes that, in contrast, the claimant makes no argument of error where the ALJ rejected Dr. Ward's statement, as a *treating physician*, that the claimant would need to make positional changes during the workday. The claimant nevertheless contends that this is an error that would affect the jobs identified, but the ALJ did not include a sit/stand option in the RFC, and therefore the jobs identified by the ALJ at step five are supported by substantial evidence. "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton*, 79 F.3d at 1009-10. In this case, the Court finds that the ALJ set out the appropriate analysis, and cited evidence supporting her reasons, *i. e.*, he gave clear and specific reasons that were specifically linked to the evidence in the record. Accordingly, the ALJ's determination here is entitled to deference and the Court finds no error in analyzing these opinions. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) ("The ALJ provided good reasons in his decision for the weight he gave to the treating sources' opinions. Nothing more was required in this case.") (citation omitted).

    Next, the claimant contends that the ALJ erred in failing to find she had a reaching limitation in all direction rather than only overhead, citing to the 2015 record where the

claimant's elbow lacked the last ten degrees of extension (Tr. 382). But the ALJ cited the more recent x-ray of the claimant's elbow showing postsurgical changes but that it was otherwise within normal limits, and *still* found she had an overhead reaching limitation (Tr. 16, 336). An RFC has been defined as "what an individual can still do despite his or her limitations." Soc. Sec. R. 98-6p, 1996 WL 374184, at *2 (July 2, 1996). It is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." *Id.* This includes a discussion of the "nature and extent of" a claimant's physical limitations including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching)." 20 C.F.R. §§ 404.1545(b), 416.945(b). Further, this assessment requires the ALJ to make findings on "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis[,]" and to "describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." Soc. Sec. R. 98-6p, 1996 WL 374184, at *1, 7. Here, the ALJ has fulfilled his duty.

Contrary to claimant's arguments, the ALJ discussed all the evidence in the record and his reasons for reaching the RFC. *Hill*, 289 Fed. Appx. at 293 ("The ALJ provided an extensive discussion of the medical record and the testimony in support of his RFC finding. We do not require an ALJ to point to 'specific, affirmative, medical evidence on the record

9

as to each requirement of an exertional work level before [he] can determine RFC within that category.'") (*quoting Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004)). The evidence does not reflect a further limitation for reaching and the ALJ clearly discussed her medical history and the evidence within the relevant time period with regard to this impairment. Furthermore, she has pointed to no medical documentation providing further limitations. Because she points to no evidence other than her own assertions, the undersigned Magistrate Judge declines to find an error here. *Cf. Garcia v. Astrue*, 2012 WL 4754919, at *8 (W.D. Okla. Aug. 29, 2012) ("Plaintiff's mere suggestion that a 'slow' gait might adversely affect his ability to perform the standing and walking requirements of light work is not supported by any authority.").

The undersigned Magistrate Judge finds that the ALJ specifically noted the various findings of the claimant's treating, consultative, and reviewing physicians, and still concluded that she could perform a limited range of light work. *See Hill v. Astrue*, 289 Fed. Appx. 289, 293 (10th Cir. 2008) ("The ALJ provided an extensive discussion of the medical record and the testimony in support of his RFC finding. We do not require an ALJ to point to 'specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before [he] can determine RFC within that category.'") (*quoting Howard*, 379 F.3d at 949). This was "well within the province of the ALJ." *Corber v. Massanari*, 20 Fed. Appx. 816, 822 (10th Cir. 2001) ("The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ.") (citation omitted). The gist of the claimant's appeal is that the

Court should re-weigh the evidence and determine her RFC differently from the Commissioner, which the Court simply cannot do. *See Casias*, 933 F.2d at 800 ("In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency."). The Court thus finds no error in the ALJ's failure to include any additional limitations in the claimant's RFC. *See, e. g., Best-Willie v. Colvin,* 514 Fed. Appx. 728, 737 (10th Cir. 2013) ("Having reasonably discounted the opinions of Drs. Hall and Charlat, the ALJ did not err in failing to include additional limitations in her RFC assessment.").

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were applied by the ALJ, and the Commissioner's decision is therefore legally correct. The undersigned Magistrate Judge thus RECOMMENDS that the Court AFFIRM the decision of the Commissioner. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 7th day of March, 2022.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**